HAYES *v.* BICKELHOUPT, Sr.

*(Circuit Court, S. D. New York.* August 25, 1884.

1. PATENTS FOR INVENTIONS — REISSUES 8,674, 8,675 — SKY-LIGHTS AND VENTI-LATORS.
    The eighth claim of reissued patent No. 8,674, and the first, second, and seventh claims of reissued patent No. 8,675, for improvements on sky-lights and ventilators, are not to be found in the original patent, and are void.
2. SAME—REISSUE 8,689—VALIDITY—INFRINGEMENT.
    The second and third claims of reissued patent No. 8,689, for sky-lights and ventilators, are not anticipated by any prior patents or structures, are valid, and are infringed by defendant.

In Equity.
*J. H. Whitelegge,* for orator.
*A. v. Briesen,* for defendant.

WHEELER, J. This suit is brought upon reissued patents Nos. 8,597, 8,674, 8,675, 8,688, and 8,689, granted to the orator for improvements in sky-lights and ventilators. They have been before the circuit court for the Eastern district of New York, (Judge BENEDICT,) and some of them before this court, (Judge COXE,) and all the claims alleged here to be infringed have been adjudged to be void, except the eighth of 8,674, the first, second, and seventh of 8,675, and the second and third of 8,689. *Hayes* v. *Seton,* 12 FED. REP. 120; *Hayes* v. *Dayton,* 20 FED. REP. 690. Of these, the eighth of 8,674, and the first, second, and seventh of 8,675, are not to be found in the original patents, but were added after the patents had stood nearly nine years without them, and are void for the reason given in these former cases as to other claims, which are concurred in and followed. There are left the second and third claims of 8,689. These claims in the reissue appear to be the same as in the original. They are not shown to be anticipated by any prior patents or structures, and no good reason is apparent for adjudging them to be invalid. The third is for a sash swinging on pivots, having exterior and overlapping elastic flanges on the sides and bottom of the part of the sash swinging outward, forming an outer flashing for protection against storms. The alleged infringement appears to have such a flange at the bottom. In *Hayes* v. *Seton* there appears to have been no such flange on any part of the sash. There, no infringement of this claim was found; here, there appears to be an infringement to the extent of the use of this flange at the bottom of the sash.

The second appears to be infringed by the use of the combination of flanged covering strips in combination with hollow metallic posts for supporting glasses, as described in that claim. The orator appears to be entitled to a decree as to these two claims of this patent, and the defendant as to the residue of the claims in controversy; but, as neither prevails fully, without costs to either.

Let there be a decree for the orator for an injunction and account as to the second and third claims of No. 8,689, accordingly, without costs.